UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>      Plaintiffs,<br><br>            v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>      Defendants. | Civil Action No. 25-1270-ACR |

**DECLARATION OF MARGARET CARGIOLI**

I, Margaret Cargioli, declare as follows:

1.      I am over the age of 18 and competent to testify to the matters described below. This declaration is based on my personal knowledge and information that has been shared with me through conversations with my colleagues.

2.      I am the Directing Attorney of Policy and Advocacy at Immigrant Defenders Law Center (ImmDef).  I have held this role for three years and have worked at ImmDef since 2019.

3.      Composed of over 163 staff members, including 73 lawyers, ImmDef is a social justice law firm based in southern California that defends immigrant communities against injustices in the immigration system.  We represent approximately 3,100 noncitizens annually in their removal proceedings and provide other legal services to approximately 33,000 additional noncitizens.

4.      ImmDef is also a member of the Southern Border Communities Coalition.

1

5.    ImmDef attorneys handling a case where there is a concern about a violation of the client's rights often file a complaint with the Department of Homeland Security Office of Civil Rights and Civil Liberties (CRCL), the USCIS Ombudsman, and the Office of Inspector General (OIG). If the client is in detention, we also file a complaint with the Office of the Immigration Detention Ombudsman (OIDO).

6.    CRCL has responded to several of our complaints, and their involvement has led to improvements in some of our clients' situations. For instance, CRCL has been helpful regarding clients who were separated from other members of their families either at the United States southern border or due to ICE detention.

7.    In 2024, an ImmDef attorney filed a complaint with USCIS Ombudsman and CRCL about a significant delay in processing our client's fingerprints for her defensive asylum case. The immigration judge had indicated that our client met her burden for asylum, but the judge could not grant asylum due to the biometrics not being completed. The monthslong delay prolonged our client's separation from her minor children. CRCL opened an investigation into the matter and after we then filed an inquiry with the USCIS Ombudsman as well, the fingerprints were finally processed. We believe that the assistance provided by CRCL and the USCIS Ombudsman's Office helped our client get her fingerprints taken, which soon after led to her reunifying with her children.

8.    CRCL also intervened when we raised concerns that clients were being included in the Migrant Protection Protocols (MPP) who had medical conditions or who were LGBTQ, which should have exempted them from participation in MPP. As a result, these vulnerable individuals were removed from the program.

9.    Even when CRCL does not respond to a particular complaint, ImmDef finds it valuable that complaints are tracked on CRCL's public-facing website. Tracking these matters

PLFS-0140

helps establish a record of violations which could assist with having those types of violations resolved in the future.

10.     We have also valued the opportunities to engage with CRCL and receive updates from them about DHS policies and initiatives.   CRCL is more publicly engaged and communicative than other components of DHS, offering regular webinars and other meetings with community groups and legal service providers on particular topics.  ImmDef lawyers would often attend these events and learned useful information from them, but all this public engagement has stopped abruptly now that CRCL is no longer operating.

11.     CRCL has also been helpful even when it did not have jurisdiction over certain claims, by helping to facilitate communication with other government agencies.  For example, when two of our clients were wrongfully deported to Colombia, CRCL staff were able to open a line of communication with USCIS and Customs and Border Protections (CBP) so that we could explain the situation.

12.     As an organization who represents thousands of unaccompanied children each year, we regrettably often hear from our child clients that they experienced various sorts of abuse while in CBP custody.  In 2022 ImmDef submitted a complaint to CRCL, highlighting the systemic abuses of unaccompanied children in CBP facilities.  This complaint opened the door to dialogue with CRCL, who advocated with CBP to implement our recommended short-term solutions to the systemic issues leading to abuse of unaccompanied children in CBP custody.  In 2024, ImmDef supplemented that complaint with CRCL, and also filed the updated complaint with OIDO. The complaints filed with CRCL and OIDO were helpful for our advocacy, allowing us to shine a spotlight on the conditions that our child clients face while in government custody at the border

PLFS-0141

13.     Being able to report rights violations like lack of medical care, sexual assault, and inhumane conditions to CRCL and OIDO was important to our detained clients' sense of agency in a situation where they otherwise felt powerless.  From our perspective as lawyers, it also created an important accountability mechanism if there were multiple similar violations, because we could point to past complaints to demonstrate that a later incident was not an isolated event but part of a pattern.

14.     Since CRCL's and OIDO's employees were all placed on leave in March 2025, we have received no updates about the status of any of our pending complaints.  We do not know who to reach out to about those complaints because we were given no instructions or contact information for people to follow up with in place of CRCL and OIDO personnel.

15.     We also are at a loss as to what recourse remains for clients who are experiencing problems in detention for whom we would normally file CRCL or OIDO complaints.  Some of the most effective methods for documenting abuse and seeking accountability for rights violations in detention have been abruptly removed, apparently with nothing taking their place, and this makes it more difficult for us to effectively represent our clients.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2025

_____
Margaret Cargioli

PLFS-0142