UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 25-1270-ACR |

**DECLARATION OF MAYRA JONES**

I, Mayra Jones, declare as follows:

1. I am over the age of 18 and competent to testify to the matters described below. This declaration is based on my personal knowledge and professional experience.

2. I am the Program Manager at SOLACE San Diego, a grassroots immigrant rights organization originally affiliated with the Unitarian Universalist Church of San Diego. I have held this role since 2020.

3. SOLACE supports detained immigrants and asylum seekers through advocacy, visitation, and complaint support. We are part of statewide and national coalitions, including Freedom for Immigrants and Free Them All San Diego.

4. In my role, I work directly with detained individuals in immigration facilities across the country. At any given time, I have ongoing communications with individuals in 10 or

1

more detention centers. I am not a lawyer, but I assist individuals in advocating for themselves and draft and/or file complaints on their behalf when abuses occur.

5. Over the past several years, SOLACE San Diego has regularly engaged with the Department of Homeland Security's Office for Civil Rights and Civil Liberties (CRCL). I have independently and in collaboration with allied organizations drafted and/or submitted nearly a dozen formal complaints to CRCL, advocating on behalf of individuals in detention and addressing systemic abuses.

6. These complaints often concern serious violations, including lack of medical care, retaliation, inhumane detention conditions, and disability discrimination under the Americans with Disabilities Act (ADA). We view CRCL as a necessary tool in our advocacy strategy — one of the only internal avenues for oversight of ICE detention operations.

7. I have also worked with DHS's ombudsman offices — particularly the Citizenship and Immigration Services Ombudsman (CIS Ombudsman) — during case reviews and humanitarian parole efforts.

8. CRCL has been the most consistent DHS office to acknowledge and respond to our complaints. For many of the individuals we support, the existence of CRCL provided a meaningful sense of hope that someone might hear their story and investigate their abuse or problem.

9. Most recently, on April 8, 2025, I submitted a citizens' complaint to CRCL documenting ADA violations and gross medical negligence at the Otay Mesa Detention Center, the facility in which SOLACE provides the most direct support to detained individuals.

10. The complaint was based on eight to ten separate reports, most of which were submitted through the Freedom for Immigrants hotline. These included accounts of individuals

forced to sleep in wheelchairs due to spinal injuries, people placed on second-floor units or top bunk beds despite mobility impairments, and failures to provide walkers or facilitate access to food.

11. Without CRCL, there would be no one inside the federal government to hear this and other complaints. We rely on CRCL not only to file grievances, but also to create a record that can later be used in litigation or advocacy.

12. The recent dismantling of CRCL and shuttering of the CIS Ombudsman and Office of the Immigration Detention Ombudsman (OIDO) has immediate and devastating consequences for organizations like mine and, more importantly, the people we serve.

13. These offices are the only pathways for many detained immigrants to raise claims of abuse or mistreatment within the DHS system. Their closure means there is now no clear recourse for the individuals suffering inside detention facilities.

14. When I inform people in detention that CRCL may no longer exist, they ask me what options remain. The honest answer is: almost none. These closures undermine public trust and erode any sense of accountability.

15. While CRCL was not perfect, the existence of the office served as an essential form of oversight. Eliminating it sends a message to detained immigrants that their rights and suffering are insignificant to the government that confines them.

16. The closures also remove an important communication channel for advocates like myself. I have no comparable alternative within DHS to engage with or from which to seek redress.

17. CRCL, the CIS Ombudsman, and OIDO were critical for collecting and elevating patterns of abuse. When multiple reports pointed to the same systemic problem, these offices

had the ability to investigate, issue findings, and sometimes even spur reforms. That role cannot be easily replaced.

18. Now, without these offices, the burden shifts entirely onto grassroots organizations, detainees themselves, or overworked legal aid lawyers — none of whom have the access or institutional authority to initiate meaningful investigations inside DHS.

19. SOLACE San Diego and our coalition partners are already meeting to determine how we can document violations and elevate them publicly without CRCL. But we are working in a system with diminishing oversight and rising impunity. There is only so much we can do from the outside.

20. I am deeply concerned that the closure of these offices will lead to more suffering, more unreported abuse, and the continued erosion of rights for migrants in government custody. In a time when the federal government should be increasing accountability in detention, it is instead eliminating the few offices that provided it.

21. I respectfully submit this declaration to explain, based on firsthand experience, why DHS's decision to eliminate CRCL, the CIS Ombudsman, and OIDO is harmful to civil rights, immigrant well-being, and the broader goals of transparency and justice. Their loss leaves a void that no external actor can fill.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on May 6, 2025

*Mayra Jones* (signature)
Mayra Jones