UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 25-1270-ACR |

**DECLARATION OF SUSU D'ANDREA**

I, Susu D'Andrea, declare as follows:

1. I am over the age of 18 and competent to testify to the matters described below. This declaration is based on my personal knowledge and information that has been shared with me through conversations with my colleagues.

2. I am an immigration attorney in private practice at the D'Andrea Law Corporation (DLC) in California. Among other services, my firm handles business, employment, and family immigration matters for clients appearing before United States Immigration and Citizenship Services (CIS). I have been a practicing immigration attorney since 2013, employed at DLC.

3. Since approximately 2018, I have filed close to 10 complaints with the CIS Ombudsman. The Ombudsman has corrected USCIS legal errors and processing delays, vindicating my clients' legal rights where other advocacy channels were unsuccessful.

1

4. In one example from 2021, I represented a client who was a conditional permanent resident who had obtained status through marriage, seeking to remove the conditions on permanent resident status. When I filed Form I-751 to remove the conditions, USCIS erroneously denied it and closed the case. I then filed a Motion to Reopen the case with CIS, with evidence that proved the case had been erroneously denied. The CIS officer responded that there was no reopening available for this type of form. So I filed a complaint with the Ombudsman. The case was promptly reopened.

5. In another case, I represented a client seeking an L-1 visa, a nonimmigrant classification that enables a U.S. employer to transfer an executive or manager from one of its affiliated foreign offices to one of its offices in the United States. The client paid a premium processing fee for expedited adjudication, which I have generally seen result in a decision within 15 business days. Unfortunately, USCIS denied the case. I appealed the decision to the Administrative Appeals Office, who found in my client's favor. Though the case was remanded for proper adjudication, and I made numerous follow-up inquiries, CIS refused to take any action to approve or deny. After several months, I contacted the CIS Ombudsman and the case was promptly decided in my client's favor.

6. In yet another case, I represented a client requesting a travel document from CIS that he needed for his job. CIS sent an approval notice of his travel document, but never sent the document itself. I contacted CIS approximately five times over the course of four months and submitted a service request through the CIS web site but never received the document. So I contacted the CIS Ombudsman for assistance. The document finally arrived one month later.

7.  In my experience, CIS errors are not uncommon. Litigation to correct legal errors is not a realistic option for many clients because they cannot afford attorneys fees. My firm is unable to offer pro bono services.

8.  With the closure of the CIS Ombudsman, some clients' cases will take longer to resolve or may not be resolved due to USCIS error. I am concerned that my reputation in the community as a lawyer who resolves problems with CIS processing will suffer because I no longer have access to the CIS Ombudsman.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May __6th__, 2025

_____
Susu D'Andrea