UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 25-1270 |

**DECLARATION OF ANTHONY ENRIQUEZ**

I, Anthony Enriquez, declare as follows:

1. I am over the age of 18 and competent to testify to the matters described below. This declaration is based on my personal knowledge and information that has been shared with me through conversations with my colleagues.

2. RFK Human Rights (RFK) is experiencing irreparable harm from the defendants' immediate elimination of every position in the Office for Civil Rights and Civil Liberties (CRCL) and the Office of the Immigration Detention Ombudsman (OIDO), excepting three Senior Executive Staff without capacity to currently carry out the offices' statutory functions.

3. As of March 21, 2025, the date that defendants informed CRCL and OIDO employees of an impending reduction in force and ordered them to immediately cease ongoing work, RFK had several outstanding complaints that CRCL had informed us were pending investigation with the offices. For example:

a. A March 27, 2024 complaint to CRCL and OIDO reporting an incident on January 26, 2024 at the immigration detention center Winn Correctional Center in Winnfield, Louisiana, wherein Immigration and Customs Enforcement officials (ICE) and private contractors attacked a dorm of approximately 200 people with pepper-spray as a collective punishment and in retaliation for engaging in a peaceful hunger strike to protest their conditions of confinement. CRCL publicly announced that it had opened an ongoing investigation of excessive use of force by facility staff at the Winn Correctional Center, including through publication of a September 2024 retention memo on a federal government web site. The memo, which referenced RFK's CRCL complaint, has since been removed. Since March 21, 2025, RFK has received no updates on the status of the investigation.

b. A July 19, 2024 complaint to CRCL and OIDO reporting an incident on June 7, 2024 at the Buffalo Federal Processing Center in Batavia, New York, wherein ICE officials attacked approximately 40 people engaged in a hunger strike to protest the discontinuance of free phone calls to family and the facility policy of indiscriminately locking people in cells for approximately 18 hours per day. ICE officials retaliated with physical force, solitary confinement, and denial of access to the law library. In September 2024, CRCL contacted RFK by letter to state that its complaint had informed an ongoing investigation into systemic retaliation in the ICE detention system and that a recommendation memorandum to ICE regarding the investigation was pending. The letter described CRCL's online posting process, noting that "we have not issued our recommendations in the retaliation investigation yet, but we wanted to make you aware of the posting process for future reference." Since March 21, 2025, RFK has received no updates on the status of

    the investigation recommendations and no recommendation memorandum has been published online.

  c. A November 14, 2024 complaint to CRCL and OIDO reporting patterns of sexual harassment and assault, voyeurism, and abuse of solitary confinement at the Baker County Detention Center, in Macclenny, Florida. The complaint also outlines a June 2023 incident where guards forcibly strapped a woman to a restraint chair, ripped off her clothes, including her bra and underwear, and laughed at her. The woman is a legal client of RFK and pursuing further legal remedies for violation of her civil rights. On March 5, 2025, CRCL informed counsel at RFK by letter that it had opened a complaint investigation in response to RFK's November 14 complaint. Since March 21, 2025, RFK has received no updates on the status of the investigation.

4.    RFK also has two pending Freedom of Information Act (FOIA) requests that the CRCL FOIA officer has not answered. These include:

  a. A January 27, 2025 request for records maintained by CRCL in connection with its investigation concerning allegations that ICE and Customs and Border Protection officials coerced unaccompanied immigration children into signing false declarations of majority age in order to deprive them of statutory protections against adult detention and deportation. The request included a hyperlink to a CRCL retention memo related to its announced investigation of coercion of unaccompanied children that has been removed from the federal government's web site. Our FOIA request is now pending past CRCL's statutory deadline to respond.

  b. A March 31, 2025 request for records maintained by CRCL in connection with the Case Management Pilot Program (CMPP), a congressionally mandated, cheaper alternative to

ICE detention that has returned a 100% immigration court appearance rate for non-citizens in removal proceedings by providing case management support, legal information, mental health services, and trafficking screening. The requested public records contain data on CMPP participation and effectiveness. RFK subsequently submitted an amended request for records from CRCL on April 15, 2025 after ProPublica reported that the CMPP program had been canceled abruptly when Department of Homeland Security Acting General Counsel Joseph Mazzara accused it of being a money laundering scheme susceptible to civil RICO charges. Both the original and amended request are now pending past CRCL's statutory deadline to respond.

5. RFK is currently experiencing harm that cannot be remediated at the conclusion of litigation from the non-responsiveness of CRCL and OIDO due to the immediate elimination of positions needed to carry out statutory functions and without interim plans for carrying out these functions.

6. First, the non-performance of CRCL and OIDO's statutory duties makes it more difficult for RFK to accomplish its primary mission of stopping human rights abuses in the immigration and criminal legal systems. Accomplishing this mission now demands increased resources and expenditures that cannot be compensated for at the conclusion of this litigation. For example, we are currently working to remediate sexual abuses against multiple people detained in a facility we have visited multiple times, most recently in late April 2025. Where we previously would have filed a complaint with CRCL and OIDO as a force multiplier for our advocacy in an effort to expeditiously remediate these abuses without litigation, we can no longer do so. Instead, we must spend funds on airfare, accommodation, car rentals, and staff meals in support of multiple on-site detention center visits needed for preparation for litigation, in addition to court filing and

other expenses incurred in litigation. Moreover, the increased immigration detention work load we have taken on in the absence of CRCL and OIDO makes it more difficult to accomplish our mission with regards to criminal legal reform. With less staff time and program funds available for this work, we have been unable to progress on a project related to the closure of the federal police misconduct database in February 2025.

7. Second, RFK is experiencing the loss of business opportunity due to loss of good will and damage to funder relationships caused by the dissolution of CRCL and OIDO. RFK is a non-profit organization that depends on philanthropic donations to carry out its core mission of exposing and ending human rights abuses that occur in the U.S. criminal and immigration legal systems. To secure those donations, we regularly meet with potential funders to present our work, which includes effective resolution of human rights abuses against people in immigration detention. During those meetings, I have delivered funder presentations that reference our successful use of CRCL and OIDO to initiate federal investigations of detention centers that, prior to March 21, 2025, we had been assured were pending. I have also made the case for our unique value as an organization that visits detention centers to teach detained people how to advocate for their rights through engagement with CRCL and OIDO, including through OIDO's on-site investigators. The credibility of these claims has been damaged by the sudden cessation of CRCL and OIDO statutory functions. Funders who had previously expressed interest in our model of visiting detention centers to address abuses and empower detained people have not continued those conversations. And a current funder has expressed doubt concerning its ongoing support of our work when the current grant period ends. The lost business opportunity we have incurred as a result cannot be adequately compensated through money damages (which, in any event, we do not claim an entitlement to seek).

8.  Finally, RFK is experiencing irreparable informational injury due to CRCL's removal of previously public memoranda and its inability to respond to its FOIA requests within the statutory deadline. For the FOIA on coercion of unaccompanied children, the public information sought and the deleted retention memo are highly relevant to ongoing national debates over the detention of immigrant children in light of recent news that the federal government seeks to suspend funding of legal services to those children and to re-open family detention centers for them. For the FOIA on CMPP, the information is critical to current budgetary debates over the executive's pursuit of spending billions of public dollars in expansion of private prison contracts for immigration detention over more cost-effective and humane alternatives like case management. RFK is deprived of the opportunity to weigh in on these debates with timely information due to CRCL's inability to comply with its statutory mandate to produce public records in response to a FOIA request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2025

                                                                                           Anthony Enriquez