UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>*Defendants*. | CASE NO. 1:25-cv-01270-ACR<br><br>**DECLARATION OF NICOLE C. BARKSDALE-PERRY** |

**DECLARATION OF NICOLE C. BARKSDALE-PERRY**

I, Nicole Barksdale-Perry based upon my personal knowledge and information made known to me in the course of my official employment hereby declare, to the best of my knowledge, information, and belief, as follows relating to the above-captioned matter:

1. I am the Executive Director, Human Resources Management and Services, Office of the Chief Human Capital Officer (OCHCO HRMS) at the U.S. Department of Homeland Security (DHS). Prior to becoming the Executive Director, Human Resources Management and Services, I was the Deputy Executive Director, OCHCO HRMS. I served as the Signing Official for the Reduction in Force (RIF) notices issued to employees with the Office of the CIS Ombudsman (CISOMB), the DHS Office for Civil Rights and Civil Liberties (CRCL), and the DHS Office of the Immigration Detention Ombudsman (OIDO, and together, the Offices).

2. As the Executive Director of HRMS, I supervise a team of 72 federal employees. Among other duties, my team and I are responsible for implementing workforce restructuring initiatives at DHS Headquarters offices, including the Office for Civil Rights and Civil Liberties (CRCL), the Office of the Immigration Detention Ombudsman (OIDO), and the Citizenship and Immigration Services Ombudsman (CISOMB).

3. At the direction of DHS leadership, HRMS prepared for Reductions in Force (RIFs) for CRCL, OIDO, and CISOMB. The RIFs were structured to eliminate all positions in these offices, excluding employees at the Senior Executive Service (SES).

4. HRMS was responsible for delivering Reduction in Force (RIF) notices to employees in CRCL, OIDO, and CISOMB. I personally signed those notices. My team and I were also responsible for responding to questions from impacted employees. We hosted town hall meetings to explain the RIF process, agency and employee rights, and discuss post-RIF activities (e.g., severance pay, reemployment priority list), responded to employee emails, and issued Frequently Asked Questions (FAQs).

5. We received a number of questions from affected employees about potential reassignment. If a RIF is structured to cover only some positions in an office, the remaining positions are allocated to the most senior employees in that office under criteria established by regulation. Thus, employees in CRCL, OIDO, and CISOMB were interested in knowing whether any positions were available for allocation, because they hoped to be reassigned into these available positions. Because the RIF impacted all of the non-SES positions in CRCL, OIDO, and CISOMB, however, there were no positions available for allocation.

6. To convey the point that there were no positions remaining for allocation, HRMS's messaging referred to the elimination of CRCL, OIDO, and CISOMB. For example, a member of

my team drafted an FAQ document on April 21, 2025 that included the following line: "For the purposes of the RIF of CISOMB, CRCL and OIDO, there are no reassignment opportunities as the entirety of the offices were eliminated." Similarly, the RIF Notices themselves said the offices would be "dissolved." As discussed above, we had many written and oral communications with affected employees, in different forms, and our staff likely used similar language in at least some of those communications. I approved the FAQ and RIF notices.

7. This language was intended to convey, in layperson rather than legal terms, that every position in the affected office that might otherwise have been an option for reassignment—that is, every position below the SES level—was being eliminated in the RIF. At the time the FAQ was drafted, I was aware that high-level discussions were ongoing about the functions of CISOMB, CRCL, and OIDO, but neither I nor anyone on my team was a party to those discussions. The language in the FAQs, and in HRMS's communications more generally, was intended to communicate our understanding of the lack of available positions in these offices for potential reassignments. It was not intended to suggest that DHS had long-term plans for the elimination of these offices, and I would have no basis for making any such suggestion. This was not meant to convey anything about the legal status of the Offices as a whole or that they would not be reconstituted with different level or types of staffing. Nor was it meant to say anything about the intentions or ability of the Department to carry out the statutory functions of these Offices.

8. As matters stand now, my team is preparing to submit Standard Form 52 (SF-52) documents to separate most of the employees from CISOMB, CRCL, and OIDO from service. For most of these employees, the effective date of separation will be May 23, 2025. However, because these separation forms must be submitted to the National Finance Center for processing along with

the employees' final time cards, the relevant paperwork for these separations will not be submitted until June 4, 2025. Up until that date, my office can place a pause on these separations.

9. Although most employees within the affected offices are scheduled to be separated as of May 23, DHS offered the option of voluntary separation through a Deferred Resignation Program (DRP) or a Workforce Transition Program (WTP). Many employees within CISOMB, CRCL, and OIDO, have elected to participate in these programs. Although the positions for these employees will be eliminated, the employees themselves will stay on DHS's payroll until the date they have selected for separation. These employees will not be separated through RIF procedures because they have elected to voluntarily separate instead.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of May, 2025.

/s/_____
Nicole C. Barksdale-Perry
Human Resources Management and Services
Office of the Chief Human Capital Officer
U.S. Department of Homeland Security