UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 25-1270-ACR |

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65.1(a), Plaintiffs Robert F. Kennedy Human Rights (RFK), Southern Border Communities Coalition (SBCC), and Urban Justice Center (UJC) hereby move for a Temporary Restraining Order to preserve the status quo that existed as of March 21, 2025, or at a minimum, to prevent further dissolution of the Department of Homeland Security Office for Civil Rights and Civil Liberties (CRCL), Office of the Citizenship and Immigration Services Ombudsman (CISOM), and Office of the Immigration Detention Ombudsman (OIDO), through formal separation of those offices' employees, that would delay resumption of those offices' statutory functions.

Until the Court can rule on Plaintiffs' currently pending Motion for a Preliminary Injunction, ECF 15, Plaintiffs seek a further order that (1) Defendants shall maintain and shall not delete, destroy, remove, or impair any data or other records relating to CRCL, CISOM, or OIDO covered by the Federal Records Act, except in accordance with the procedures described in 44

U.S.C. ch. 33; (2) Defendants shall not terminate any CRCL, CISOM, or OIDO employee, except for cause related to the specific employee's performance or conduct; (3) Defendants shall not terminate any contractors who are or were performing work for CRCL, CISOM, or OIDO, and shall not terminate any such contracts or order any contractors to stop performing work for CRCL, CISOM, or OIDO, unless such terminations are based on an individual's performance or conduct; and *either* (4) Defendants shall rescind the RIF notices issued on or about March 21, 2025 to employees of CRCL, CISOM and OIDO and return to active work status a sufficient number of existing CRCL, CISOM and OIDO employees to perform the offices' statutory functions until Defendants can make longer-term arrangements for the performance of those functions–which longer-term arrangements may, but need not, include retaining those employees in those positions–with the number of employees sufficient to perform statutory functions to be determined by Defendants; or (5) Defendants are enjoined and/or stayed from implementing or enforcing the reductions in force for CRCL, CISOM, and OIDO noticed on or around March 21, 2025; and (6) Defendants shall submit status reports every three (3) business days during the pendency of the temporary restraining order detailing their activities taken to comply with the order and to restore adequate staffing so that the statutory functions of CRCL, CISOM and OIDO can be performed. The Court's order need not disturb the decisions of any CRCL, CISOM, or OIDO employees who have opted to voluntarily separate from their positions.

As set forth in more detail in the accompanying memorandum, Defendants have taken steps that make it impossible for CRCL, CISOM, and OIDO to perform the functions assigned to them by statute. Defendants ordered all employees of these three offices to stop work completely on March 21, 2025; have represented to the employees that these three offices would be dissolved, eliminated, or otherwise abolished; and have prohibited employees from contacting community

partners or individuals with pending complaints. Defendants have also initiated a reduction in force that would permanently remove 99.9% of the employees from these three offices by May 23, 2025. These actions are ultra vires, contrary to specific statutory requirements, and arbitrary and capricious. They also violate the Impoundment Control Act and Anti-Deficiency Act. Plaintiffs RFK, SBCC and its members, and UJC are experiencing irreparable harm as a result of Defendants' actions, and will continue to suffer irreparable harm absent emergency relief.

This motion is based on the attached memorandum of law, all other pleadings and papers filed in this action, oral argument of counsel, and any other matters that may come before the Court. Plaintiffs' Motion for a Preliminary Injunction, ECF 15, remains pending, and this Motion for a Temporary Restraining Order does not replace or supersede it.

Pursuant to Local Civil Rule 65.1(a), at 12:45 a.m. on May 23, 2025, counsel for Plaintiffs emailed Defendants' counsel of record in this matter, Tiberius Davis and Christopher Hall of the U.S. Department of Justice, to provide actual notice that they would file a motion for a temporary restraining order in this matter. Immediately prior to making this application to the Court through electronic filing, counsel for Plaintiffs provided Defendants' counsel with electronic copies of the motion for temporary restraining order, the accompanying memorandum of law, and proposed order via email.

Dated: May 23, 2025                                             Respectfully submitted,

/s/ Karla Gilbride

| | |
|---|---|
| Michael C. Martinez (DC Bar No. 1686872) | Karla Gilbride (DC Bar No. 1005586) |
| Christine L. Coogle (DC Bar No. 1738913) | Adina H. Rosenbaum (DC Bar No. 490928) |
| Brian D. Netter (DC Bar No. 979362) | Public Citizen Litigation Group |
| Skye L. Perryman (DC Bar No. 984573) | 1600 20th Street NW |
| Democracy Forward Foundation | Washington, DC 20009 |
| P.O. Box 34553 | (202) 588-1000 |
| Washington, DC 20043 | kgilbride@citizen.org |
| (202) 448- 9090 | |

*Counsel for All Plaintiffs*

| | |
|---|---|
| Anthony Enriquez (DDC Bar No. NY0626) | Sarah E. Decker (DDC Bar No. NY0566) |
| Sarah T. Gillman (DDC Bar No. NY0316) | Robert F. Kennedy Human Rights |
| Robert F. Kennedy Human Rights | 1300 19th Street NW, Suite 750 |
| 88 Pine Street, Suite 801 | Washington, DC 20036 |
| New York, NY 10005 | (202) 559-4432 |
| (917) 284- 6355 | |

*Counsel for Plaintiff RFK*