**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security, <br><br> Defendants. | Civil Action No. 25-1270-ACR |

**PLAINTIFFS' STATUS REPORT**

Pursuant to the Court's minute order of May 23, 2025, Plaintiffs submit the following status report detailing the deficiencies in Defendants' actions to resume the statutory functions of the Office for Civil Rights and Civil Liberties (CRCL), Office of the Immigration Detention Ombudsman (OIDO), and Office of the CIS Ombudsman (CISOM), together, DHS Oversight Offices. While contractors may be performing some of these offices' functions, the only full-time employee who has been assigned to any functions of any of the three offices since March 21 is Mr. Sartini, who is now serving as acting deputy at the other two offices in addition to performing his full-time role as CIS Ombudsman.[1] Mr. Hemenway, who has been acting as CRCL Officer since

---

[1] Mr. Sartini's declaration, which Plaintiffs received only eleven minutes before the deadline for the joint status report, notes that three detailees have also begun work for CISOM as of June 2. ECF No. 40-1. The declaration does not discuss the expected number of detailees to be assigned to the other two offices or their anticipated start dates.

May 22, and Mr. Guy, who has been acting as OIDO Ombudsman since the same date, have other full-time positions within DHS.

Also, as of May 29, 2025, DHS published a congressional budget justification for Fiscal Year 2026 that stated, contrary to multiple sworn statements made to this Court, that the FY2026 DHS budget "eliminates" OIDO and that pursuant to the RIF, OIDO has been "eliminated in its entirety." Decl. of Karla Gilbride Ex. 2, pp. OSEM-5 & OSEM-O&S-12.  While the DHS budget justification does not refer to the wholesale elimination of CRCL or CISOM, the budgetary amounts projected for these two offices focus on "interim staff salaries, severance pay, and leave payouts for employees who received RIF notifications." *Id.* at OSEM-O&S-11.  That focus does not suggest an ongoing commitment to fund new full-time employees, detailees, or others performing statutory functions at these offices.

Finally, at the May 23 evidentiary hearing, the Court discussed with both Ms. Barksdale-Perry and Mr. Sartini whether the employees subject to the RIF would be eligible for the new positions that Defendants would be creating within the three DHS Oversight Offices.  Despite assurances that those experienced employees would be able to apply for those positions through the Re-employment Priority List (RPL), the three job announcements that DHS published on June 2 state in a section entitled "Clarification from the Agency" that the positions are in fact open only to current DHS employees or employees on the CTAP list.  Gilbride Decl. Exs. 3-5.  As Ms. Barksdale-Perry also testified during the May 23 hearing, the employees subject to the RIF lost access to the CTAP list once their separations from federal employment became effective on May 23.

As Plaintiffs stated through counsel at the May 23 hearing, they continue to believe that the fastest way to resume performance of the DHS Oversight Offices' functions is to promptly

return experienced employees to those roles. Instead, Defendants appear to be pursuing a path under which they will hire inexperienced employees while excluding employees who have performed these jobs in the past. More disturbing still, in public budget documents filed last week, Defendants have undercut their assurances to Plaintiffs and to this Court by expressing an intention to fund two of the DHS Oversight Offices on only an "interim" basis going forward while stating an intent to "eliminate" OIDO altogether. Given Defendants' inconsistent actions and the irreparable harm that Plaintiffs and SBCC's members continue to suffer from the lack of performance of the DHS Oversight Offices' statutory functions, Plaintiffs respectfully request that their motion for a preliminary injunction be granted.

Dated: June 2, 2025

Respectfully submitted,

/s/ Karla Gilbride

Michael C. Martinez (DC Bar No. 1686872)
Christine L. Coogle (DC Bar No. 1738913)
Brian D. Netter (DC Bar No. 979362)
Skye L. Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448- 9090

Karla Gilbride (DC Bar No. 1005586)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
kgilbride@citizen.org

*Counsel for All Plaintiffs*

Anthony Enriquez (DDC Bar No. NY0626)
Sarah T. Gillman (DDC Bar No. NY0316)
Robert F. Kennedy Human Rights
88 Pine Street, Suite 801
New York, NY 10005
(917) 284- 6355

Sarah E. Decker (DDC Bar No. NY0566)
Medha Raman (DC Bar No. 90027539)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432

*Counsel for Plaintiff RFK*