UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 25-1270-ACR |

**DEFENDANTS' SUPPLEMENTAL RESPONSES
TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

Defendant Department of Homeland Security ("DHS") hereby serves the following supplemental responses to its Reponses to Plaintiffs' First Sect of Discovery Requests, served on Plaintiffs on August 13, 2025, and is incorporated fully herein.

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORIES**

11.     Describe all actions taken by CRCL since March 21, 2025, to review DHS policies to ensure that the protection of civil rights and civil liberties is appropriately incorporated into DHS programs and activities, including the policies on which CRCL provided advice and guidance and the identities of the individuals providing that advice.

**RESPONSE**: Defendants object on the grounds that this request is overly broad and disproportionate to the needs of the case and seeks information that is not relevant to the allegations in Plaintiffs' complaint. Defendants further object to this request to the extent that it seeks

1

information that is protected by the deliberative process privilege or under the Privacy Act or any other applicable privileges or protections from disclosure. Defendants further object to the undefined term "all actions" as vague and ambiguous.

Subject to and without waiver or limitation of these objections, CRCL is in the process of onboarding additional staff to support performance of the office's statutory functions. Nonetheless, since March 21, 2025, CRCL has (1) participated in regular oversight reviews of certain CBP and TSA activities; (2) participated in regular meetings of the DHS Artificial Intelligence (AI) Council to advise on CRCL equities for use of AI by DHS; (3) participated in regular meetings of the DHS Data Integrity Board; (4) participated in OIG conferences and reviews of DHS activities (e.g., ICE detention facility inspections, CBP tracking of unaccompanied alien children); (5) reviewed all DHS Management Directives and Instructions for CRCL equities; (6) reviewed all congressional correspondence with a CRCL nexus, particularly correspondence concerning the actions of ICE, FEMA, USCIS, and CBP; and (7) issued guidance on, and advised offices regarding, medical and religious reasonable accommodations. CRCL is also scheduled to participate in CBP annual use of force review later in August.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiver or limitation of these objections, the participating individuals are Troup Hemenway, Ronald Sartini, Rodolfo Gomes, Brent Brice, and Lachlan MacNeish. Defendants add that, since the time of its Response, CRCL has onboarded new staff and is training them. Additionally, CRCL has also reviewed information sharing and access agreements as a member of the Data Access Review Council.

**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

14. All Documents reflecting communications with Congress or any Congressional committees regarding potential reorganization of any of the DHS Oversight Offices on or before March 21, 2025.

**RESPONSE:** Defendants object to this request to the extent that it seeks documents or communications that are outside of Defendants' possession, custody, or control, including information not sent to or from DHS. Defendants also object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to the allegations in Plaintiffs' complaint. Defendants further object to this request to the extent that it seeks documents or communications that are protected by the deliberative process privilege, attorney client privilege, work product privileged, or any other applicable privileges or protections from disclosure. Moreover, the burden of any production in response to this request far outweighs its likely benefit due to its lack of relevance and because the documents it seeks simply summarize and repeat the reorganization plans Defendants have agreed to produce. To the extent Plaintiffs narrow this request in a manner that is more reasonable and less burdensome, Defendants are open to considering production if any such documents are relevant and not subject to other objections asserted herein.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiver or limitation of these objections, Defendants reasonable search of the Oversight Offices revealed no responsive documents.

15. All Documents reflecting or describing how the statutory functions of each of the DHS Oversight Offices have been performed since March 21, 2025, including documents referenced in responses to Interrogatories 4 through 12.

**RESPONSE:** Defendants object to this request to the extent that it seeks documents or communications that are outside of Defendants' possession, custody, or control, including information not sent to or from DHS. Defendants also object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to the allegations in Plaintiffs' complaint. Defendants further object to this request to the extent that it seeks documents or communications that are protected by the deliberative process privilege, attorney client privilege, work product privileged, or any other applicable privileges or protections from disclosure. Moreover, the burden of any production in response to this request far outweighs its likely benefit due to its lack of relevance and because the documents requested do not relate to the RIF of the DHS Oversight Offices or any plans thereafter but to the ongoing day-to-day work performed by the DHS Oversight Offices. To the extent Plaintiffs narrow this request in a manner that is more reasonable and less burdensome, Defendants are open to considering production if any such documents are relevant and not subject to other objections asserted herein.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiver or limitation of these objections, and due to the disproportionality of the request to the needs of the case and the nature of the unduly burdensome request, Defendants agree to conduct a reasonable search for and produce a sampling of responsive, non-privileged documents and/or communications that are in Defendants' possession, custody, or control.

Dated: September 11, 2025                                      Respectfully submitted,

**Brett A. Shumate**
Assistant Attorney General
Civil Division

**Yaakov M. Roth**
Principal Deputy Assistant Attorney General

**Eric Hamilton**
Deputy Assistant Attorney General
Federal Programs

**Christopher R. Hall**
Assistant Branch Director
Federal Programs

*/s/ M. Jared Littman*
**M. Jared Littman**
Trial Attorney
United States Department of Justice
Civil Div., Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514-5578
Jared.Littman2@usdoj.gov

*Counsel for Defendants*

5