UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 25-1270-ACR |

**THIRD DECLARATION OF SR. TRACEY HORAN, SP**

I, Sister Tracey Horan, declare as follows:

1. I am over the age of 18 and competent to testify to the matters described below. This declaration is based on my personal knowledge and information that has been shared with me through conversations with my colleagues.

2. I am the Associate Director of Education and Advocacy at the Kino Border Initiative (KBI). KBI is a faith-based organization established in 2009 to address the most pressing needs of migrants. KBI is also a member of the Southern Border Communities Coalition.

3. I previously submitted declarations in this case in early May and early June 2025. I am submitting this declaration to discuss the status of the complaints KBI has filed with CRCL and OIDO since then, and other recent interactions we have had involving CRCL.

4. KBI filed twenty complaints with CRCL between February and December of 2025. Ten of these complaints we also filed with OIDO because they related to detention conditions.

1

These complaints involved such issues as medical neglect, denial of due process, dangerous detention conditions, and physical and verbal abuse. KBI received no response from CRCL or OIDO from April 24 to September 12, 2025, not even acknowledgement of receipt of complaints, despite filing 9 complaints during this time frame. On April 24, 2025, KBI received an email from OIDO stating that "The Office of the Immigration Detention Ombudsman has been abolished and is no longer operational. Consequently, this inbox will not be monitored." Since that date, we have not received any updates or communications on complaints KBI has submitted to OIDO, either related to previously submitted complaints or related to the nine complaints we submitted to OIDO from April 24 to December 31, 2025.

5. On September 12, 2025, we received an email acknowledging receipt of a complaint we had filed on May 14. However, unlike the responses we had received on complaints filed with CRCL in the past, this email did not include the name of the person on whose behalf we submitted the complaint or any details about the content of the complaint. The response said that CRCL would not be taking any further action on the complaint and gave no information on how to contact CRCL with additional information or questions. This was also a change from previous emails we had received from CRCL, which always explained a person's protections from retaliation or reprisal and listedmultiple ways to find more information.

6. In the next several months, we received responses to some but not all of the complaints we had filed with CRCL since February. All of these responses contained identical language except for the date of the complaint. None of them mentioned the name of the complainant, none of them said anything about the substance of the complaint, and all of them said that CRCL would be taking no further action on the complaint. As of this writing (January 15,

2

2026), twelve of the twenty complaints KBI filed on behalf of migrants in 2025 have received no response, not even an email acknowledging receipt.

7.     It became obvious to me that the email responses we received in the fall were form emails because their wording was identical, no matter whether the complaint was about missing property, medical neglect, or verbal or physical abuse.  In the past, CRCL's responses would sometimes mention that our complaint was similar to others they had received and that they would either be opening an investigation about it or adding it to an investigation that was already open. None of the responses we received since September 12 have said anything like this.

8.     When submitting a complaint on CRCL's web portal, I recently noticed language stating that in order for a complaint to be submitted on behalf of someone else, the person submitting the complaint would need to complete and file a G-28 form.  This form can only be submitted by an attorney or someone who has been accredited to represent immigrants before the Executive Office of Immigration Review.  No one at KBI is an attorney or an accredited representative.  In the past, we have submitted DHS Form 590 signed by the individuals who come to our shelter giving us permission to receive information on their behalf.  However, the language on the CRCL web portal requiring a signed G-28 form has made me concerned about whether the Form 590 will be accepted any longer, or whether our complaints filed without a signed G-28 will be summarily dismissed.

9.     I was also disturbed to learn from counsel for the Plaintiffs in this case that CRCL has recently begun closing complaints, and declining to investigate them, if the complainant has been deported or is no longer in U.S. custody.  Because the people we assist in filing complaints have reached our shelter after being deported to Mexico, none of them are in U.S. custody any longer by the time they reach us.  Despite this fact, CRCL previously opened investigations into

3

patterns of rights violations affecting people who had been deported, such as when people's property had been confiscated or when ill or injured people were deported directly from hospitals without proper clothing or medical documents. I described these past interactions with CRCL, and the policy improvements brought about by their intervention, in my declaration filed in this case in May. I am concerned that if CRCL is no longer opening investigations into issues affecting people who have been deported, these sorts of policy changes will no longer be possible.

10. The confiscation of property has again become a major problem in recent months. In particular, many people reaching our Nogales shelter have reported that their cell phones were taken from them by DHS personnel and never returned. Because CRCL is not responding substantively to the complaints we file, I have no idea if CRCL is investigating this systemic problem of cell phones and other belongings being taken and not returned, or whether they are investigating other systemic issues we are seeing, such as people being coerced into signing deportation orders, and inhumane detention conditions including people not having a place to sleep or any covering to protect them from extreme cold.

11. In the absence of CRCL involvement, we have been engaging directly with the Office of Professional Responsibility (OPR) at Customs and Border Protection (CBP) in an attempt to locate and return the property of people who have been deported. In December, during a meeting with an OPR representative in Tucson, that individual mentioned that he, too, has lost contact with anyone at CRCL. He added that if we managed to establish contact with anyone working there, he would like us to introduce him to that person. We were discouraged to hear that CRCL seems to have disappeared so completely that it is not even in touch with other components of DHS.

12.     KBI also sometimes files complaints with OIDO if the person reports having experienced abuse while in detention that can be attributed to a particular individual or a particular detention facility.  However, we have received no responses from OIDO to any of the complaints we have filed since March 21, 2025.

13.     The people who have reached our shelter in the past year have been increasingly reluctant to file complaints about the abuses they have experienced while in immigration detention, because they tell us that they fear the retribution that they or their family members still in the United States will experience if they speak out about what has happened to them.  Against this backdrop, the lack of meaningful response from CRCL, and the complete lack of response from OIDO, to the complaints we have recently filed makes me feel less confident about whether to continue recommending that people file these complaints.  But without documenting the abuses that are occurring, accountability will only continue to decrease, and those violating people's civil and human rights will be able to act with impunity.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2026

_____
Sister Tracey Horan