UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 25-1270-ACR |

**DECLARATION OF JULIE PLAVSIC**

I, Julie Plavsic, declare as follows:

1. I am over the age of 18 and competent to testify to the matters described below. This declaration is based on my personal knowledge and experience as an employee with ICE and CRCL. I left federal service on September 30, 2025 as part of the deferred resignation program, but stopped working on March 21, 2025, when I was placed on administrative leave as part of the RIF affecting all CRCL employees.

2. Prior to August 2020, I worked at Immigration and Customs Enforcement (ICE) as a policy advisor and legal access coordinator. In 2020 I moved to CRCL as a senior policy advisor, where I continued to focus on immigration detention issues.

3. Because of my focus on immigration detention, I interfaced closely with OIDO while conducting my work for CRCL. Because OIDO had case managers physically present in many detention facilities, they were able to focus on remedying problems being experienced in

1

real time by individual detainees. By contrast, CRCL's focus was on addressing widespread trends and improving training and policies to prevent civil rights violations from occurring or, if such violations had already occurred, prevent them from being repeated.

4. Because CRCL's focus was on reforming policy going forward, we sometimes opened investigations and made recommendations to components about information we had learned from or about someone who had already been deported. For example, I wrote a recommendation memo to ICE about an individual who was mistakenly deported on the day of their immigration hearing, recommending safeguards to prevent a similar error from happening in the future.

5. When working for CRCL, I maintained close collaborative relationships with many ICE employees and would often report time-sensitive concerns to them that I learned about from receiving a call or email from a lawyer, NGO, or family member of a detained person. My ICE colleagues usually welcomed these tips from me, especially if they related to a situation they were not already aware of, as it could allow them to intervene quickly before a problem escalated further. Because many of these concerns came to my attention through calls and emails from community members, I can't imagine that the same early-warning system and informal networking between CRCL and ICE is happening now, when allegations can only be submitted on CRCL's web portal and there are only two full-time employees and a handful of contractors responding to them.

6. Because of the tiny staff now working for CRCL, I also don't see how they could possibly be conducting meaningful investigations into the array of high-profile allegations of civil rights and civil liberties abuses involving DHS personnel that have been made during 2025, from allegations of racial profiling in immigration raids,[1] to allegations of surveillance of protesters in

---

[1] Human Rights Watch, *US: ICE Abuses in Los Angeles Set Stage for Other Cities* (Nov. 4, 2025), https://www.hrw.org/news/2025/11/04/us-ice-abuses-in-los-angeles-set-stage-for-other-cities.

2

violation of the First and Fourth Amendments,[2] to allegations of excessive force, including in the recent fatal shooting of Renee Good in Minneapolis. In my experience, investigations into systemic issues like these required significant staff resources, which CRCL no longer has to devote to these important issues of civil rights and civil liberties. Nor does CRCL have the resources to conduct multidisciplinary onsite investigations at detention facilities, the need for which is greater than it has ever been as both the number of detention facilities and number of people detained has skyrocketed during 2025.[3]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2026

/s/Julie Plavsic

---

[2] Brennan Center for Justice, *ICE Wants to Go After Dissenters as Well as Immigrants* (Nov. 21, 2025), https://www.brennancenter.org/our-work/research-reports/ice-wants-go-after-dissenters-well-immigrants.

[3] American Immigration Council, *Immigration Detention Expansion in Trump's Second Term* (Jan. 14, 2026), https://www.americanimmigrationcouncil.org/report/immigration-detention/.

3