UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; and URBAN JUSTICE CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 25-1270-ACR |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' motion for summary judgment, the opposition and reply thereto, and the full record in this case, the Court orders as follows:

It is hereby ORDERED that Plaintiffs' motion for summary judgment is GRANTED; and

It is further DECLARED that Defendants' March 21, 2025, dissolution of the Department of Homeland Security Office for Civil Rights and Civil Liberties (CRCL), the Office of the Citizenship and Immigration Services Ombudsman (CISOM), and the Office of the Immigration Detention Ombudsman (OIDO) (together, the "Oversight Offices") by abolishing all General Schedule (GS) positions in the Oversight Offices, separating all employees of the Oversight Offices from employment in those offices, and ordering all GS employees in the Oversight Offices to stop performing all work as of March 21, 2025, violated the Administrative Procedure Act in that it exceeded Defendants' statutory authority, was contrary to law, and was arbitrary and capricious;

It is further DECLARED that Defendants' March 21, 2025, dissolution of the Oversight Offices, which were each established by Congress and are required by statute to perform specific functions, infringed on legislative authority, and violated the separation of powers established in the U.S. Constitution; and

It is further DECLARED that Defendants are not currently performing all functions required of the Oversight Offices by statute; and

It is further ORDERED that a permanent injunction shall issue until such time as this Court may determine that continued injunctive relief is no longer necessary, requiring that Defendants take the following actions:

1. Defendants shall ensure that CRCL oversees compliance with constitutional, statutory, regulatory, policy, and other requirements relating to the civil rights and civil liberties of individuals affected by the programs and activities of DHS, as required by 6 U.S.C. § 345(a)(4), by proactively reviewing DHS policies, procedures, and activities for compliance with those requirements, and by providing a mechanism by which alleged violations of civil rights or civil liberties by DHS employees or officials can be reported to CRCL for investigation by CRCL, independent of the component of DHS alleged to have committed the violation, through multiple modalities and in multiple languages;

2. Defendants shall ensure that CRCL informs the public of its activities, as required by 42 U.S.C. § 2000ee-1(g)(2), by publishing information about its investigations and recommendation memoranda on its website, with redactions as necessary to protect classified information, and in such other ways as Defendants deem appropriate;

3. Defendants shall ensure that OIDO establishes an accessible and standardized process regarding complaints against any officer or employee of U.S. Customs and Border

Protection or U.S. Immigration and Customs Enforcement, or any contracted, subcontracted, or cooperating entity personnel, for violations of law, standards of professional conduct, contract terms, or policy related to immigration detention, as required by 6 U.S.C. § 205(b)(2), and shall ensure the accessibility of that complaint process by providing a mechanism for detained individuals to submit complaints that does not require use of the internet, and by providing a mechanism for detained individuals who are not proficient in English to submit complaints in a language in which they are proficient;

4. Defendants shall ensure that OIDO conducts unannounced inspections of detention facilities holding individuals in federal immigration custody, including those owned or operated by units of State or local government and privately-owned or operated facilities, as required by 6 U.S.C. § 205(b)(3), by ensuring that such inspections are conducted with 24 hours' notice or less to the facility to be inspected;

5. Defendants shall ensure that OIDO provides assistance to individuals affected by potential misconduct, excessive force, or violations of law or detention standards by DHS officers or other personnel, or contracted, subcontracted, or cooperating entity personnel, as required by 6 U.S.C. § 205(b)(5), by ensuring that OIDO personnel are consistently present in detention facilities;

6. Defendants shall ensure that CISOM assists individuals and employers to resolve problems with the Bureau of Citizenship and Immigration Services (USCIS), as required by 6 U.S.C. § 272(b)(1), by ensuring that there are mechanisms for individuals and employers to communicate in real time with CISOM personnel about the status of their assistance requests; and

7. Defendants shall ensure that CISOM operates local offices of the Ombudsman, as required by 6 U.S.C. § 272(g), either by establishing regional representatives or by any other means that Defendants deem appropriate.

It is further ORDERED that Defendants must provide sufficient human and financial resources to the Oversight Offices to allow them to comply with all terms of the permanent injunction described above and to perform all functions required of each of the Oversight Offices by statute.

It is further ORDERED that Defendants must file status reports 30 days, 60 days, 120 days, and 180 days after entry of this order informing the Court of their compliance with each element of this order, including evidence of Defendants' good-faith effort to perform the statutory functions of each office and progress made toward adequately resourcing the offices to perform their statutory functions.

**SO ORDERED.**

Dated: _____, 2026

_____
ANA C. REYES
United States District Judge