# EXHIBIT 20

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; URBAN JUSTICE CENTER,<br><br>PLAINTIFFS,<br><br>V.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF HOMELAND SECURITY,<br><br>DEFENDANTS. | CIVIL ACTION NO. 25-1270-ACR |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

PROPOUNDING PARTY: ALL DEFENDANTS

RESPONDING PARTY: ALL PLAINTIFFS

SET #: 1

Pursuant to the Scheduling Order entered in this case on July 11, 2025 (ECF No. 49), Plaintiffs provide these objections and responses to Defendants' First Set of Requests for Admission served on July 23, 2025.

## GENERAL OBJECTIONS

In addition to any objections set forth below to particular Requests for Admission, Plaintiffs object on the following grounds to all of Defendants' Requests for Admission, and those objections are incorporated in full into Plaintiffs' response to each request.

1. Plaintiffs object to these Requests for Admission, including the instructions and definitions, to the extent they impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or any other applicable rule or law. Plaintiffs will construe and respond to each Request for Admission in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any other applicable rule or law.

2. Plaintiffs' investigation of this case is ongoing, and Plaintiffs reserve the right to supplement, clarify, or revise their responses based on additional information obtained during discovery or that otherwise comes to light during the pendency of the litigation.

3. Plaintiffs object to these Requests for Admission to the extent they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Any information provided in response to these Requests for Admission shall not constitute a waiver of any applicable privilege, and Plaintiffs expressly reserve the right to claw back and object to the use of any information inadvertently provided.

4. Plaintiffs object to these Requests to the extent they seek legal conclusions and/ or would require Plaintiffs to reach a legal conclusion in order to prepare a response.

5. Each and all of the foregoing General Objections are hereby expressly incorporated into each and all of the following specific responses. For particular emphasis, one or more of these General Objections may be reiterated in a specific response. The absence of any reiteration in a given specific response is neither intended as, nor shall be construed as, a limitation or waiver of any General Objection. Moreover, the inclusion of a specific

objection to a specific Request for Admission is neither intended as, nor shall be construed as, a limitation or waiver of a General Objection or any other specific objection.

**SPECIFIC OBJECTIONS AND RESPONSES**

1. Admit that the Offices are currently functioning and have not been closed.

Objection: Plaintiffs incorporate by reference the above General Objections and further object that the term "functioning" is vague and ambiguous. Plaintiffs will construe that term to mean "fulfilling functions required by statute." Plaintiffs further object that the request is composed of two distinct subparts: one asking Plaintiffs to admit or deny that the Offices are currently functioning, and one asking Plaintiffs to admit or deny that the Offices were ever closed. Plaintiffs further object that this request seeks information that is not in Plaintiffs' possession, custody, or control.

Response: Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs deny that the Offices were never closed. Plaintiffs lack sufficient information to admit or deny whether and to what degree any of the DHS Oversight Offices are currently performing their statutory functions, as this is a key focus of Plaintiffs' discovery requests to Defendants. However, based on Plaintiffs' own experiences attempting to engage with the DHS Oversight Offices since March 21, 2025, Plaintiffs deny that the Offices are currently functioning.

2. Admit that the Offices have hired employees following the reduction-in-force.

Objection: Plaintiffs incorporate by reference the above General Objections and further object that this request is ambiguous with respect to the term "employees," as Plaintiffs do not know whether this term is intended to include detailees, contractors, or only full-time employees. Plaintiffs further object that the term "following the reduction-in-force" is ambiguous in that Plaintiffs do not know whether the term is meant to refer to March 21, 2025, when the reduction-

3

in-force was announced, May 23, 2025, when the separation of employees subject to the reduction-in-force became effective, or some other date. Plaintiffs further object that this request seeks information that is not in Plaintiffs' possession, custody or control.

Response: Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs admit that, according to Defendants' representations, one full-time deputy CIS Ombudsman was hired sometime in June of 2025, and three detailees have begun working for the CIS Ombudsman's Office on a temporary basis. ECF 46 (Defendants' July 2 status report; ECF 40-1 (June 2 Sartini Decl.). Plaintiffs further admit that Defendants represent that they named an acting CRCL Officer and an acting Immigration Detention Ombudsman on May 22, 2025, both of whom already had high-level, full-time positions within DHS to which their acting CRCL and OIDO duties were added. ECF 33-1 (Hemenway Decl.). Plaintiffs lack sufficient information to admit or deny whether other employees have been hired to work at any of the DHS Oversight Offices, as this is a key focus of Plaintiffs' discovery requests to Defendants.

3. Admit that since the reduction-in-force you have submitted complaints to the Offices and have received some responses to previous complaints.

Objection: Plaintiffs incorporate by reference the above General Objections and further object that the term "since the reduction-in-force" is ambiguous in that Plaintiffs do not know whether the term is meant to refer to March 21, 2025, when the reduction-in-force was announced, May 23, 2025, when the separation of employees subject to the reduction-in-force became effective, or some other date. Plaintiffs will interpret the term as referring to March 21, 2025. Plaintiffs further object that the request is composed of two distinct subparts: one asking Plaintiffs to admit or deny that they have submitted complaints to the Offices after March 21, 2025, and one

asking Plaintiffs to admit or deny that they have received responses to complaints submitted before March 21, 2025.

Response: Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs admit that RFKHR has received one response to a complaint submitted to CRCL in September of 2024, CR-015046, but otherwise deny the request, as many other complaints submitted both before and after March 21, 2025 have produced no response. Moreover, while complaints submitted to CRCL and OIDO previously resulted in an automated response acknowledging receipt, complaints submitted to CRCL and OIDO by Plaintiffs since March 21, 2025 have either produced no response whatsoever or an automated response stating that the office is no longer able to receive or address complaints.

4. Admit that the Offices could not directly remedy individuals' complaints and instead recommended that component agencies take action or make changes or improvements to policies going forward.

Response: Subject to and without waiving the foregoing General Objections, Plaintiffs respond as follows: Deny. Specifically, CRCL has the authority to make findings as to whether a particular course of conduct violated Section 504 of the Rehabilitation Act and specify a remedy for those violations, with which other DHS components must cooperate. Moreover, CISOM can directly remedy requests for case assistance from people with petitions or applications pending with USCIS (ECF 15-10, Rogers Decl.), and OIDO can directly remedy complaints from those in immigration detention (ECF 15-11, Vitullo Decl.).

5. Admit that legal avenues remain for remedying individual rights violations and for achieving changes or improvements, including directly through U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, U.S. Citizenship and Immigration Services, and the DHS Inspector General.

Objection: Plaintiffs incorporate by reference the above General Objections and further object to this request as irrelevant to any claims in this litigation and thus not reasonably calculated to lead to the discovery of admissible evidence. This request appears to reflect a policy argument about whether the DHS Oversight Offices are necessary or redundant in light of other components within DHS to which complaints can be addressed, which has no relevance to this litigation concerning whether Defendants acted arbitrarily or capriciously or otherwise contrary to law by closing offices that Congress created and tasked with particular mandatory functions.

Response: Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs admit that they can file complaints and requests for assistance with other components of DHS such as U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, and U.S. Citizenship and Immigration Services. Indeed, they have documented the problems with these alternative methods of seeking redress for individual rights violations, as well as policy improvements, in declarations previously submitted in this case (ECF 15-3, 15-4, 15-5 and 50-1) in explaining why no longer being able to engage with the DHS Oversight Offices, and having to resort to these inferior mechanisms of seeking redress, has harmed and is continuing to harm them.

6. Admit that you have been able to continue to advocate for and litigate on behalf of your clients, educate stakeholders, and contact DHS employees even if less efficiently than before the reduction-in-force.

Objection: Plaintiffs incorporate by reference the above General Objections and further object that the term "before the reduction-in-force" is ambiguous in that Plaintiffs do not know whether the term is meant to refer to March 21, 2025, when the reduction-in-force was announced, May 23, 2025, when the separation of employees subject to the reduction-in-force became effective, or some other date. Plaintiffs will interpret the term as referring to March 21, 2025.

Plaintiffs further object that this request contains four distinct subparts in that it asks Plaintiffs to admit or deny their continued ability to do four different things: 1) advocate for their clients; 2) litigate on behalf of their clients; 3) educate stakeholders; and 4) contact DHS employees.

Plaintiffs further object that the phrase "educate stakeholders" is vague and ambiguous in that Plaintiffs do not know what form of education and which stakeholders Defendants are referring to (whether providing information to clients about the status of their applications pending with CIS, providing information on channels to make complaints of rights violations to individuals in immigration detention, providing updates on CBP actions and policies to SBCC members, or something else). Plaintiffs further object that the phrase "contact DHS employees" is vague and ambiguous in that it does not specify whether Defendants are asking about employees of the three DHS Oversight Offices or employees of other DHS components, and if asking about other DHS components, which ones. Because of these ambiguities, Plaintiffs will respond only as to the first two parts of the request, regarding advocacy and litigation.

Response: Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs admit that they can continue to advocate for their clients and, when resources allow, to litigate on behalf of their clients (for RFKHR), to litigate on behalf of their domestic violence survivor clients in family court and with USCIS (for UJC), and to advocate on behalf of border residents and immigrants (for SBCC), and have described in declarations previously submitted in this case (ECF 15-3, 15-4, 15-5 and 50-1) how Defendants' actions have forced Plaintiffs to resort to less effective and more difficult, time-consuming and expensive forms of advocacy and litigation.

7. Admit that you, your employees, and members are not regulated by DHS; have not been detained by DHS, faced visa issues, or required assistance from the Offices for those issues; and that only your clients have made such allegations or required such assistance.

7

Objection: Plaintiffs incorporate by reference the above General Objections and further object to the phrases "regulated by DHS," "detained by DHS" and "faced visa issues" as vague and ambiguous. In addition, while the phrases "required assistance from the Offices for those issues" and "made such allegations or required such assistance" appear to be referencing earlier parts of the request, it is unclear to what earlier "issues," "allegations" or "assistance" these phrases refer.

Response: Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs lack sufficient information to admit or deny whether any of their employees have been detained by DHS, as detention by DHS could involve prolonged questioning at an airport or other port of entry, and Plaintiffs do not know whether any of their employees have had such an experience. Plaintiffs deny that they, their employees and members are not "regulated by" DHS, as DHS exercises jurisdiction over ports of entry, border regions, and certain federal buildings, and thus regulates all people when occupying those spaces, including Plaintiffs' employees and others associated with Plaintiffs. Plaintiffs are unable to admit or deny other portions of this request because Plaintiffs find it unintelligible for the reasons set forth above.

8. Admit that you have not been prevented from filing complaints with the Offices.

Response: Subject to and without waiving the foregoing General Objections, Plaintiffs respond as follows: Plaintiffs admit that they have not been physically prevented from filing complaints, but Plaintiffs have significant concerns about whether their complaints are being received or investigated as the authorizing statutes for the DHS Oversight Offices require. Plaintiff RFKHR has received automated responses as recently as July 2025 indicating that OIDO can no longer receive or address complaints and was subsequently told by Defendants' counsel that methods by which RFKHR previously submitted complaints are no longer viable. In addition, UJC

and SBCC did not receive any response, even an acknowledgment of receipt, to complaints they submitted to CRCL in April and June of 2025, respectively.

9. Admit that before March 21, 2025, some complaints that you filed with the Offices did not result in an investigation, inspection, findings, or actions.

Objection: Plaintiffs incorporate by reference the above General Objections and further object that this request contains four distinct subparts in that it asks Plaintiffs to admit or deny that their past complaints failed to have four distinct results: 1) an investigation, 2) an inspection, 3) findings, or 4) actions. Plaintiffs further object to the terms "findings" and "actions" as vague and ambiguous in that it is unclear whether Defendants mean findings of discrimination or other violations, findings in the sense of policy recommendations to DHS components, or something else; and it is unclear whether "actions" refers to actions taken by the DHS Oversight Offices, actions taken by another DHS component, or something else. As a result of these ambiguities, Plaintiffs will respond only to the first two parts of the request regarding investigations and inspections.

Response: Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Admit.

10. Admit stakeholder engagement is not part of the Offices' statutory requirements.

Objection: Plaintiffs incorporate by reference the above General Objections and further object that the phrase "stakeholder engagement" is vague and ambiguous. Plaintiffs will interpret this phrase to refer to providing information to the public about the DHS Oversight Offices' activities and assisting particular constituencies, such as people in immigration detention for OIDO and employers and people with pending applications and petitions with CIS for CISOM.

Response: Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Deny.

9

Dated: August 13, 2025                                           Respectfully submitted,

                                                                                                                         /s/ *Karla Gilbride*

| | |
|---|---|
| Michael C. Martinez (DC Bar No. 1686872)<br>Christine L. Coogle (DC Bar No. 1738913)<br>Brian D. Netter (DC Bar No. 979362)<br>Skye L. Perryman (DC Bar No. 984573)<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, DC 20043<br>(202) 448- 9090 | Karla Gilbride (DC Bar No. 1005586)<br>Adina H. Rosenbaum (DC Bar No. 490928)<br>Public Citizen Litigation Group<br>1600 20th Street NW<br>Washington, DC 20009<br>(202) 588-1000<br>kgilbride@citizen.org<br><br>*Counsel for All Plaintiffs* |
| Anthony Enriquez (DDC Bar No. NY0626)<br>Sarah T. Gillman (DDC Bar No. NY0316)<br>Robert F. Kennedy Human Rights<br>88 Pine Street, Suite 801<br>New York, NY 10005<br>(917) 284- 6355 | Sarah E. Decker (DDC Bar No. NY0566)<br>Robert F. Kennedy Human Rights<br>1300 19th Street NW, Suite 750<br>Washington, DC 20036<br>(202) 559-4432<br><br>*Counsel for Plaintiff RFK* |