# EXHIBIT 21

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528



June 10, 2025

MEMORANDUM FOR HEADQUARTERS SUPERVISORS

FROM:               Ronald J. Sartini  RONALD J SARTINI  Digitally signed by RONALD J SARTINI
                                             Date: 2025.06.10 17:35:17 -04'00'
               Acting Deputy Officer for Civil Rights and Civil Liberties

SUBJECT:          Reasonable Accommodation Guidance

Since the start of 2025, DHS has seen a significant increase in the number of disability-based reasonable accommodation requests (in comparison to FY 2024). A significant portion of these requests are requests for telework as an accommodation. As the Department works to ensure compliance with the return-to-in-person work mandate,[1] I am issuing the following guidance to HQ Supervisors to ensure the Department continues to meet its statutory and regulatory obligations to accommodate qualified individuals with known disabilities and/or known limitations related to pregnancy, childbirth, or related medical conditions.

## I.     Supervisors Must Engage in the Interactive Process

When an employee indicates a need for an adjustment or change at work due to the employee's own medical condition, the employee's first-line supervisor must engage in an interactive discussion with the employee regarding the accommodation request. During the interactive discussion, the first-line supervisor must clarify the employee's work-related limitations and the range of accommodations that may address those limitations. Before requesting any medical documentation, the supervisor should ask the following questions to get a general sense of whether an accommodation is needed and what might be an effective accommodation. (Please also see guidance below regarding obtaining and reviewing medical documentation).

1. Is this a request for an adjustment or change at work because of your own medical condition? (If the employee says no, the interactive process ends. The Agency is not required to provide reasonable accommodation to an employee because of another individual's medical condition.)

2. If yes, what specific job-related limitations do you have or experience due to your medical condition?

---

[1] *See Message from Secretary Kristi Noem on Return to Office*, dated January 28, 2025.

                                                     

3.  What workplace accommodations are you requesting to address those limitations?  How long do you anticipate needing those accommodations (if known)?

4.  Are there any alternative accommodations that would be effective in addressing your limitations?  Why or why not?

5.  Will you be able to perform all of your essential job functions if provided the requested accommodation(s)?

## II.    Supervisors Must Exhaust Effective Alternative Accommodations

An employee may be entitled to reasonable accommodation but is not necessarily entitled to the accommodation of his/her choice.  During the interactive process, the supervisor and employee should identify the range of possible accommodations and assess the effectiveness each would have in enabling the employee to perform the essential functions of the position.  Supervisors may utilize the Job Accommodation Network (JAN) to identify the range of potential alternative accommodations available.

Pursuant to the *Presidential Memorandum on Return to In-Person Work*, dated January 20, 2025, DHS must take all necessary steps to require employees to return to work in-person on a full-time basis. If an employee requests telework as an accommodation, supervisors should remember that there may be alternative accommodations that are just as effective.

If there are two effective accommodations available, and one of those accommodations would enable the employee to return to the office, that accommodation should be selected, unless there are exceptional circumstances *(e.g.,* employee is a military spouse exempt from return-to-office policies).  If there are no effective alternatives to telework, however, telework may be granted to the extent necessary to accommodate the employee's functional limitations.

Example 1:  Employee indicates he has a medical condition that causes intermittent episodes of pain, nausea, and sensitivity to light, sound, and smells.  After the episodes, he experiences fatigue and reduced concentration at work.  He requests full-time telework (i.e., remote work) to help manage his exposure to light, sound, and smells.  His physician supports his request.  The supervisor should ask the employee if alternative accommodations, such as an air purifier, light filters, noise-canceling headphones, and additional breaks would be effective in meeting his needs.

Example 2:  Employee indicates she experiences feelings of panic, extreme physical and emotional stress, and intense fear when she interacts in person with colleagues at the office.  She requests full-time telework (i.e., remote work) to reduce social interaction and limit engagement to virtual meetings only.  Her physician supports this request.  The supervisor should ask the employee if alternative accommodations would be effective, such as a modified break schedule, private cubicle or office space in a low-traffic area, and noise-canceling headphones.

## III.    Supervisors May Review Medical Documentation

CONFIDENTIAL

Unless a need for an accommodation is obvious, supervisors may ask an employee to submit supporting medical documentation that describes their work-related limitations and accommodations needed.  Supervisors should ask the employee whether he/she has submitted an accommodation form and/or medical documentation to ACMS and/or accommodations@hq.dhs.gov.  If the employee indicates he/she has submitted a form or documentation, the supervisor should ask the employee to provide copies of those forms/documentation to the supervisor directly.  Similarly, if the supervisor receives an email notification that the employee has a reasonable accommodation pending adjudication, the supervisor should ask the employee to provide copies of any forms and documentation submitted directly to the supervisor for review.  The supervisor should consider the opinion of the treating medical provider, including the identified work-related limitations and recommended accommodations, when engaging in the interactive process with the employee.

A supervisor may consider initiating a request for additional medical clarification in circumstances including, but not limited to the following:
- The employee's stated limitations differ from those disclosed by his/her treating medical provider;
- The employee's requested accommodations differ from those stated as necessary by his/her medical provider;
- The medical provider's opinion is vague as to limitations, recommended accommodations, duration, or alternatives available;
- The medical provider's opinion is internally inconsistent;
- Granting the recommended accommodations would require a waiver of some or all of the employee's essential job functions; and
- The supervisor needs to assess the effectiveness of an alternative accommodation.

Prior to initiating a request for additional medical clarification or documentation, supervisors should seek legal advice from the Office of the General Counsel.

Technical medical guidance should not be needed in most cases. However, in more complex cases, supervisors can contact medreviewdhshq@hq.dhs.gov for a technical, objective determination as to how a diagnosis might cause functional limitations. While this determination will not provide advice as to whether an accommodation should be granted or denied, supervisors can seek such guidance from the Office of the General Counsel.

If an employee indicates he/she has not submitted an accommodation form and/or medical documentation to the Accommodations Office, the supervisor should assess whether the need for an accommodation is obvious (e.g., employee in a wheelchair seeks a desk modification; employee with a hearing impairment seeks closed captions during virtual meetings).  If the need for an accommodation is not obvious, the supervisor should request that the employee submit supporting medical documentation from their medical provider using the DHS HQ Medical Statement Form (enclosed).

## IV.    Supervisors Must Follow Confidentiality and Records Storage Requirements

DHS-00021012

An employee's reasonable accommodation request, including information and documentation regarding an employee's medical condition(s), are confidential pursuant to the Privacy Act, 5 U.S.C. § 552 and Rehabilitation Act, 29 C.F.R. § 1630.14(c)(1). Information regarding an employee's accommodation request should be disclosed only to individuals with a legitimate need to know. For example, higher-level managers may have a legitimate need to know about accommodation decisions for purposes of ensuring consistency across offices and facilitating the implementation of accommodations. Absent a legitimate need to know, supervisors must not disclose an employee's reasonable accommodation request, medical diagnosis, or other medical information or documentation.

Similarly, employee records (digital or physical) containing sensitive medical information are confidential. The supervisor must store such records in a private file that is free from intrusion or inspection by any other individual, and wholly separate from an employee's personnel records.

## V.    Supervisors May Issue Final Decisions

The first-line supervisor is responsible for responding to an employee's reasonable accommodation request and issuing a final decision. However, each component office may determine whether they prefer to institute higher-level review of accommodation decisions for consistency throughout the office. Such higher-level review must conform with confidentiality requirements listed previously. Offices interested in a higher-level review should seek legal advice from the Office of the General Counsel.

Unless it is apparent that the employee's need for the accommodation will not change in the future, the supervisor should set a schedule for periodic review of the accommodation. The frequency of the review will depend on the nature of the employee's medical condition, the length of time that the accommodation has been in place, and the impact of the accommodation on the employing office.

Supervisors should use the attached Management Response to Request for Reasonable Accommodation Form to document their decision. Supervisors must record the final disposition of the request in the ACMS system.

## VI.    Pending Accommodation Requests

In the coming days, supervisors will receive automatic notifications from the ACMS system for any of their employees who have pending reasonable accommodation requests. Upon receiving a notification, supervisors should contact the employee and relay the following:
- Ask whether the employee still has a need for an accommodation.
- Ask the employee to provide a copy of documentation previously submitted to ACMS, along with any updated information the employee wishes to provide.
- Provide assurance that medical information will be kept confidential in accordance with applicable law.
- Indicate that the supervisor will follow up if additional information is needed.
- Notify the employee that a decision on the request will be provided as soon as possible.

CONFIDENTIAL

Upon receipt of the employee's submission, supervisors should promptly review the request and may seek legal advice from OGC as appropriate.

### VII.    New Accommodation Requests

Going forward, employees should submit requests for reasonable accommodations through ACMS. Upon submission through ACMS, supervisors will receive a notification of the request. Upon receipt of the notification, supervisors should ask the employee to complete the following forms enclosed with this guidance:

- Reasonable Accommodation Request Form or downloaded PDF copy of their application from ACMS
- DHS HQ Medical Statement Form (to be completed by a medical provider)

When making this request, supervisors should:

- Provide the employee assurance that medical information will be kept confidential in accordance with applicable law: "Information and documentation regarding your medical condition(s), are confidential pursuant to the Privacy Act, 5 U.S.C. § 552 and Rehabilitation Act, 29 C.F.R. § 1630.14(c)(1).  Information regarding your accommodation request will not be disclosed except to individuals with a legitimate need to know."
- Indicate that the supervisor will follow up if additional information is needed.
- Notify the employee that a decision on the request will be provided as soon as possible.

Upon receipt of the employee's submission, supervisors should promptly review the request and may seek legal advice from OGC as appropriate.

The ACMS notification will also include a link to a form by which the supervisor must record the final disposition of the request.

### VIII.    Supervisors Must Limit Interim Accommodations

Within one pay period, supervisors should issue final decisions on accommodation requests where employees are currently on an interim accommodation, except where supervisors are awaiting receipt of medical documentation or clarification, or technical medical guidance from OHS.  Supervisors must engage in the interactive process with the employee, review submitted medical documentation for physician-identified limitations and recommended accommodations, and identify whether DHS can provide the employee alternative effective accommodation(s) that also meet his/her needs.

In any new employee accommodation requests, if a supervisor cannot immediately (within one pay period) issue a final decision, or if there are unreasonable delays in procuring equipment, the

CONFIDENTIAL

supervisor should provide the employee with an interim accommodation that allows them to perform some or all essential functions of his/her job, absent undue hardship.  An interim accommodation is *temporary* and should not exceed one pay period, except where supervisors are awaiting receipt of medical documentation or clarification, or technical medical guidance from OHS.  The supervisor must document the interim accommodation via email, using the following sample language:

"Effective immediately, through [date], I am granting the following accommodation to support your needs: [accommodation(s)].  This interim accommodation is temporary and is not a promise or guarantee that your request for [accommodation(s)] will be granted in the formal decision.  I have made no decision on the effectiveness of this interim accommodation in enabling you to perform the essential functions of your position."

Note that some conditions involve temporary limitations. Rendering a final decision on a request for a temporary accommodation is different from granting an interim accommodation pending a final decision.

## IX.    Supervisors Should Seek Legal Advice from the Office of the General Counsel

Supervisors should seek legal advice from the Office of the General Counsel, General Law Division, Labor and Employment Law (OGC LEL), regarding their legal responsibilities under the Rehabilitation Act of 1973 (29 U.S.C. § 791 et seq.) and Pregnant Workers Fairness Act (42 U.S.C. § 2000gg).  Supervisors may contact OGC LEL at RA_LegalAdvice@hq.dhs.gov.  Circumstances in which supervisors are advised to seek legal advice include, but are not limited to:

- Evaluating whether alternative accommodations are effective in addressing the employee's work-related limitations;
- Initiating a request for additional medical clarification or documentation;
- Determining an employee cannot perform the essential functions of his/her position with or without reasonable accommodation;
- Determining an employee's requested accommodations impose undue hardship on the Agency; and
- Legal sufficiency review of any final decision on reasonable accommodation.

Enclosures:
1. DHS HQ Reasonable Accommodation Request Form
2. DHS HQ Medical Statement Form
3. Management Response to Request for Reasonable Accommodation

CONFIDENTIAL