UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS; SOUTHERN BORDER COMMUNITIES COALITION; and URBAN JUSTICE CENTER,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, in her official capacity as Secretary of Homeland Security,<br><br>　　　　Defendants. | Civil Action No. 25-1270-ACR |

**SECOND DECLARATION OF CHRISTOPHER BRUNDAGE**

I, Christopher Brundage, declare as follows:

1.      I am over the age of 18 and competent to testify to the matters described below. This declaration is based on my personal knowledge and experience as the former Acting Deputy Ombudsman at the U.S. Department of Homeland Security, Office of the Immigration Detention Ombudsman (OIDO).  I previously submitted a declaration in this case on January 15, 2026.

2.      I served as Acting Deputy Ombudsman at OIDO from August of 2022 until March of 2025. Prior to my role with OIDO, I held several other leadership and attorney positions with DHS, where I had worked since 2002.

3.      I understand that Ronald Sartini, the current Acting Deputy Ombudsman at OIDO, has testified that having OIDO case managers consistently present inside detention facilities was not particularly useful because the case managers had to ask for assistance from ICE for even minor things like getting a blanket for a detainee.  In my experience, this tells a simplistic and

1

incomplete story.  It may be the case that Mr. Sartini is not aware of the role of an Ombudsman's office. As noted by the American Bar Association, "[o]mbuds receive complaints and questions from individuals concerning people within an entity or the functioning of an entity. They work for the resolution of particular issues and, where appropriate, make recommendations for the improvement of the general administration of the entities they serve. Ombuds protect: the legitimate interests and rights of individuals with respect to each other; individual rights against the excesses of public and private bureaucracies; and those who are affected by and those who work within these organizations." *Standards for the Establishment and Operation of Ombuds Offices,* American Bar Association (February 2004). Ombuds offices are supposed to work with the agency.

4.       Case managers could often identify relatively minor problems and either resolve them directly or bring them to facility staff's attention before they got any worse.  This provided an important early warning system and was also a force multiplier for facility staff, especially in facilities that were overcrowded or short-staffed, which I understand is the case with many detention facilities right now.  Also, many detention facilities are not operated directly by ICE but under contract with states or local governments, or with private contractors like Core Civic or GEO Group.  In those cases, OIDO personnel were often the only DHS presence at the facility.

5.       I also understand that Mr. Sartini has testified that there were numerous complaints against OIDO contractors for sexual assault, drug distribution, and other criminal offenses.  In my role as deputy ombudsman, I was directly involved in investigating misconduct allegations and responding to external inquiries.  I am only aware of one allegation of an OIDO contractor having a sexual relationship with a detained person.  As soon as that matter was brought to our attention,

we cooperated with law enforcement investigators and immediately arranged for the contractor's employment to be terminated.

6.    Finally, I understand that Mr. Sartini testified that OIDO case managers inflated the number of complaints OIDO received by filing multiple tickets about the same issue.  OIDO employees had no incentive to inflate complaint statistics, as they received no financial bonuses or performance awards tied to the number of complaints received.  If anything, having more complaints in the system would increase the amount of work a case manager would have to do to follow up on each of those complaints.  In short, I do not know where Mr. Sartini got this idea, and it does not match up with my experience working for OIDO for over two and a half years.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2026

/s/Christopher Brundage

3