**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ROBERT F. KENNEDY HUMAN RIGHTS et al., *Plaintiffs,* v. DEPARTMENT OF HOMELAND SECURITY et al., *Defendants.* | Case No. 1:25-cv-1270 (ACR) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Robert F. Kennedy Human Rights Southern Border Communities Coalition, and Urban Justice Center have filed a Rule 54(b) Motion for Partial Reconsideration of this Court's July 11, 2025, Order denying their Motion for a Preliminary Injunction as Moot. *See* Dkt. 50.

Federal Rule of Civil Procedure Rule 54(b) permits a court to revise an interlocutory order "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011). Courts generally reconsider such orders only when the movant shows an intervening change in law, newly discovered evidence, or clear error. *See Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011).

Because Plaintiffs have not shown that "reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied," *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009), the Court **DENIES** their Motion.

Plaintiffs originally sought a preliminary injunction to enjoin the Department of Homeland Security (DHS) and former DHS Secretary Kristi Noem (together, Defendants) from taking "any further actions to dissolve, or cease the statutory functions of," three DHS oversight offices—the Office of the Immigration Detention Ombudsman (OIDO), the Office for Civil

Rights and Civil Liberties (CRCL), and the Office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman).  Dkt. 15-1 at 47.  They also asked the Court to order Defendants to reverse work stoppages imposed on March 21, 2025, and to enjoin Defendants' planned reduction in force affecting those offices.  *Id.*

Plaintiffs first argue that reconsideration is warranted because "newly discovered evidence demonstrates" that "Defendants are not performing statutory functions at the heart of this case."  Dkt. 50 at 2.  The parties dispute whether the proffered evidence is new, but the Court need not resolve that issue.  This evidence consists of a single automated response email stating that ODIO no longer receives or addresses complaints.  *Id.* at 3.  Viewed within the broader context of the parties' communications, however, *see* Dkt. 51 at 7–12, this email alone shows little, other than, as they contend, that Defendants arguably have a new method of receiving and addressing complaints.  Thus, this email does not change the Court's (current) skepticism that Defendants have indeed stopped performing their statutory functions.  Because the proffered evidence, alone, changes nothing of consequence, it does not provide a basis for reconsideration.

Next, Plaintiffs contend that reconsideration is warranted because the Court "misunderstood" the parties' joint scheduling motion as a withdrawal of their Motion for a Preliminary Injunction.  Dkt. 50 at 2.  Accepting Plaintiffs' clarification, the Court nonetheless denies their Motion for a Preliminary Injunction, mainly for lack of irreparable harm.  The Court denied Plaintiffs' Motion for a Temporary Restraining Order, Dkt. 34, at least in part because of a lack of showing of irreparable harm, *see* Dkt. 71 (May 23 Hr'g Tr.) at 124.  Upon review of Plaintiffs' preliminary injunction and reconsideration briefing, the Court does not find that Plaintiffs have demonstrated a showing of irreparable harm.  *See Clevinger v. Advoc. Holdings, Inc.*, 134 F.4th 1230, 1236 (D.C. Cir. 2025) (explaining that a "movant's failure to show any

irreparable harm is grounds for refusing to issue a preliminary injunction, even if the other three factors merit such relief." (cleaned up)).  Moreover, Plaintiffs have not shown that denying reconsideration would result in harm or injustice, particularly given that the reduction in force has already occurred and summary judgment briefing has concluded.

For these reasons, the Court **DENIES** Plaintiffs' Motion for Partial Reconsideration.

**SO ORDERED.**


Date: March 27, 2026

_____
ANA C. REYES
United States District Judge